BENJAMIN WALKER *et al. versus* ḼMERSON RUS-
SELL and Trustees.

The maker of a promissory note, after it became due, entered into a parol agreement
with his creditors and F., by which it was stipulated, that F. should from time to
time receive the maker's wages from his employers, as they became due, for the
benefit of his creditors, and that the holder of the note should receive payment of
the note in monthly instalments, through the hands of F., and should not commence
an action against the maker so long as the agreement should be complied with.
Two of the instalments were paid in pursuance of such agreement. It was *held*,
that such agreement did not constitute a legal defence to an action upon the note
by such holder.

In the same case it appeared, that F. informed the employers, that such an agree
ment had been made, and requested them to pay the wages to him ; that they
agreed that they would notify to F. when they were ready to pay the maker, and
if the maker would sign the pay-roll, and had no objection, they would pay to F.
the amount due ; and that the wages due to the maker for two months were ac-
cordingly paid over in his presence to F. It was *held*, that this was not equiva-
lent to an assignment to F. of the wages which had subsequently become due ; and
that the employers were liable therefor as trustees of the maker.

ASSUMPSIT on a promissory note dated August 7, 1833,
for the sum of $41, made by the defendant, payable to the
plaintiffs, on demand with interest. There were two indorse-
ments on the note, dated respectively January 4, 1834, and
February 3, 1834, acknowledging the receipt of the sum of
five dollars on each of those days. The action was com
menced on March 28, 1834.

The parties stated a case. The Suffolk Manufacturing
Company, who were the trustees, answered by their agent,
that at the time of the service of the writ, the defendant was
in their employment ; that the sum of $21·67 was then due to
him for wages accruing between the last Saturday of February
and the last Saturday of March 1834 ; that in the preceding
December or January, Oliver W. Flint had informed the re-
sponden·, that the defendant's creditors had agreed with the
defendant and Flint, that Flint should from time to time re·
ceive the defendant's wages as they became due, for the bene-
fit of such creditors, and requested the respondent to pay the
wages to him, Flint ; that the respondent agreed, that he
would notify to Flint, when he was ready to pay the defend-
ant, and that if the defendant would sign the pay-roll and had

no objection, he, the respondent, would hand to Flint the amount due ; that the impression of the respondent was, that the amount due to the defendant for his wages for the months of January and February, was paid to Flint, the defendant being present ; and that Flint had repeatedly told the respondent, that he had paid over the money received by him, to the defendant's creditors, in conformity with the agreement.

It also appeared, that the agreement was *by parol* only ; that the plaintiffs were parties to the arrangement made between the defendant, his creditors and Flint ; and that it was a part of such agreement, that the plaintiffs should receive payment of the note in suit, by monthly instalments, through the hands of Flint, and that they should not commence an action against the defendant so long as the agreement should be complied with.

Flint paid over to the plaintiffs the instalments due to them by virtue of the agreement, for the months of January and February, at the times mentioned in the indorsements on the note. He received from the trustees, the wages for March, on or about the 3d day of that month, and retained so much as was ratably due to the plaintiffs, for twenty days after receiving the same. The plaintiffs had called upon Flint for both the previous instalments.

If upon these facts the Court should be of opinion, that the plaintiffs could maintain an action against the defendant, the defendant was to be defaulted ; otherwise the plaintiffs were to be nonsuited.

*F. Hilliard*, for Flint and the creditors of the defendant. The parol agreement between the defendant, his creditors and Flint, in this case, was for a good consideration. Each party contracted with both the others. The defendant placed his property in the hands of Flint for the benefit of his creditors, who, in consideration thereof, agreed not to call upon the defendant for payment of their demands. This arrangement was valid, though made by parol, and the p.aintiff's remedy by action upon the note was suspended thereby. An agreement for an extension of credit, for a good consideration, is binding as between the debtor and creditor alone, and *a fortiori*, where other creditors are parties 3 Stark. on Evid. 1050 ; *Littler* v.

*24 \**

Walker
v.
Russell and
Trs.

*Holland*, 3 T. R. 590 ; *Ward* v. *Winship*, 12 Mass. R. 481 ; *Ratcliff* v. *Pemberton*, 1 Esp. R. 35 ; *Thresh* v. *Rake*, 1 Esp. R. 53 ; *Grafton Bank* v. *Woodward*, 5 New Hampsh. R. 107 ; *Fleming* v. *Gilbert*, 3 Johns. R. 528 ; *Fitch* v. *Forman*, 14 Johns. R. 172; *Mackenzie* v. *Mackenzie*, 16 Ves. 372 ; 3 Chitty's Laws of Commerce, 687, 698 ; *Steinman* v. *Magnus*, 11 East, 391 ; *Butler* v. *Rhodes*, 1 Esp. R. 236 ; *Cooling* v. *Noyes*, 6 T. R. 263 ; *Cockshott* v. *Bennett*, 2 T. R. 763 ; *Bull* v. *Loveland*, 10 Pick. 9 ; *Munroe* v. *Perkins*, 9 Pick. 298. The wages, though contingent, were assignable. *Cutts* v. *Perkins*, 12 Mass. R. 206.

*S. Ames*, for the plaintiffs, to the point, that the arrangement made between the defendant and the plaintiffs was a mere collateral agreement and did not constitute a defence to the action, cited *Dow* v. *Tuttle*, 4 Mass. R. 414 ; that as the whole of the note was due on demand, there was no consideration for the agreement on the part of the plaintiffs, to receive payment by instalments, and therefore it was *nudum pactum*, *Oxford Bank* v. *Lewis*, 8 Pick. 458 ; *Blackstone Bank* v. *Hill*, 10 Pick. 129 ; *Hunt* v. *Bridgham*, 2 Pick. 581 ; *Pabodie* v. *King*, 12 Johns. R. 426 ; *Fitch* v. *Sutton*, 5 East, 232 ; *Heathcote* v. *Crookshanks*, 2 T. R. 24 ; that Flint was a mere naked agent without any interest, and was not bound to execute the trust, it being without consideration and not in writing, *Bull* v. *Loveland*, 10 Pick. 15 ; *Arnold* v. *Lyman*, 17 Mass. R. 405.

*April term 1836.*

SHAW C. J. delivered the opinion of the Court. The plaintiffs having proved the note declared on, are entitled to judgment, unless upon the facts agreed the other party has shown a good legal defence. At the time when the arrangement was made, by which the plaintiffs agreed to receive payment by instalments through the agency of Flint, their note was wholly due, and payable, and as against the defendant, they were entitled to receive the whole amount forthwith. The strongest ground which can be taken for the defendant is, that on condition of receiving the instalments, according to the arrangement, the plaintiffs promised forbearance of payment.

The Court are of opinion, that such a promise cannot constitute a good legal defence, because it was executory and col

Walker
v.
Russell and
Trs.

.ateral, but more especially because it was voluntary and without any legal consideration. No new fund was provided, no new security was given ; it was a mere naked promise, to receive in instalments, at a more distant day, money, the whole of which the plaintiffs were entitled to receive presently. It depended upon the future will and act of the debtor, whether he would continue in the service of the company and earn wages, and when earned, to permit Flint to receive and distribute the money according to the arrangement. In a recent case in Worcester, where a note had become due at a bank, and by an arrangement with the bank the note was permitted to lie over for a certain time, say three months, and the discount paid, but the promisor failing in the mean time the note was put in suit, the Court held, that this qualified renewal, or agreement for an extension, constituted no legal defence, and the action was maintained. (*Central Bank* v. *Willard, ante*, 150.)

Such a promise of forbearance does not constitute a release ; it is not a payment ; it is not good as an accord and satisfaction, because no valuable equivalent is received ; it is a collateral, executory agreement without consideration, which, however binding as an honorary agreement, constitutes no legal defence.

The Court are also of opinion, that the trustees must be charged on their answer. The liability of the trustees must of course depend upon the facts disclosed in their answers. Having stated a balance in their hands, due the principal defendant, they must, of course, stand charged, unless they show a valid assignment to Flint. We think the answer of the trustees, by their agent, shows no assignment which can be considered as vesting any equitable interest in the assignee. Without giving any opinion upon the question, whether there was any assignable interest in wages not earned, and in regard to which, so far as appears, there was no definite contract for any certain time, and whether such assignment could be made merely by parol, and without any notice from Russell to the trustees, we think the answer does not show or disclose an assignment. Flint notified the agent, that Russell and his creditors had agreed, that he, Flint, should receive Russell's wages as they fell due, for their benefit, and requested

Walker
v.
Russell and
Trs.

the agent to pay him. To this the agent did net assent, but only agreed to give Flint notice when the wages were due, and if Russell would sign the pay-roll, and would consent, the agent would pay the amount. And to this Flint assented, as far as appears, and did not notify the agent, .that an assignment binding upon Russell had been made, and that the company were to pay him, whether assented to or not. It appears to us, therefore, that the parties did not consider this arrangement as an assignment, but considered Flint merely as agent to receive the money when due, with the consent of Russell, and distribute it among the creditors. The effect of the attachment was to revoke this authority. We think, independently of the questions above stated, that the answer discloses no assignment in fact, and that the trustees must be charged.

*Defendant defaulted and trustees charged.*